Dismissed and Memorandum Opinion filed June 22, 2006









Dismissed and Memorandum Opinion filed June 22, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00849-CV

____________

 

DEREK LAI AND
CHING WANG CHU,
Appellants

 

V.

 

SAFECO INSURANCE
COMPANY OF ILLINOIS, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 819,288

 



 

M E M O R A N D U M   O P I N I O N

Derek Lai and Ching Wang Chu, appellants,
appeal the trial court=s grant of summary judgment in favor of
Safeco Insurance Company of Illinois, appellee. 
However, because the order granting summary judgment is interlocutory,
we dismiss the appeal as we have no jurisdiction.  








Appellants sued appellee alleging multiple
causes of action including a claim for 
uninsured motorist coverage and a claim for damages pursuant to article
21.55 of the Texas Insurance Code for appellee=s alleged failure
to make payment under medical payments coverage.  Appellee moved for summary judgment only on
the uninsured motorist cause of action seeking no summary judgment relief on
any other causes of action.  Appellants
understood that the motion did not involve article 21.55 claims or the medical
payments coverage, as they pointed out in their response to appellee=s motion for
summary judgment.  Appellants contend,
however, that the order is final because it contains language stating that
plaintiff will Atake nothing by reason of their suit
against [appellee],@ and because it has the word Aclosed@ stamped[1]
at the top of the page.  This is not
enough.

In Lehmann v. Har-Con Corp., the
supreme court held that Athe language of an order or judgment can
make it final, even though it should have been interlocutory.@  39 S.W.3d 191, 200 (Tex. 2001).  But, it is not enough that the order merely
uses words indicating finality; it must expressly dispose of all claims and all
parties.  Id.  Also, an order carries no presumption of
finality if issued before a trial.  Id.
at 199B200.

The order below  is  not
final because it does not actually dispose of all claims and all parties. See
id. at 200. Unresolved claims are outstanding, and both parties
filed motions regarding summary judgment with that express knowledge.  Appellants continue to maintain the right to
recover on the unaddressed claims, and appellee continues to understand the
order to be interlocutory and to treat it as such.  

In light of the foregoing, the order is
interlocutory and we have no jurisdiction. 
We dismiss the appeal.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 22, 2006.

Panel
consists of Justices Fowler, Frost and Seymore.











[1]  This stamp
designates that the cause has been closed, and presumably removed from the
trial court=s files and placed in storage.